[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FOURTH COUNT OF AMENDED COMPLAINT 
The fourth count of the present amended complaint alleges a CUTPA violation by George Torello Engineers, P.C., which has moved to strike this count based on its contention that, to the extent that the count is based on professional negligence, it fails to state a valid CUTPA claim. It cites Haynes v. Yale New Haven Hospital, 243 Conn. 17 (1997) andBeverly Hills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin,247 Conn. 48 (1998) for the proposition that while the entrepreneurial aspects of a profession may come under CUTPA, actual professional negligence, or malpractice, may not.
To this argument, the plaintiff counters that it has not in fact alleged professional negligence in this count of the complaint, which incorporates the principal allegations of count one, the breach of contract count and further alleges that it is this breach of contract that violates CUTPA. A review of the fourth count confirms the plaintiff's characterization. The fourth count also alleges, however, that "the defendant George Torello, d/b/a George Torello Engineers, P.C." operated the defendant George Torello Engineers, P.C. at a time when he knew the professional corporation had been dissolved and that this, too, is a CUTPA violation. The defendant George Torello, P.C. contends that because George Torello was not sued individually or as a d/b/a, his individual conduct may not be the basis of a CUTPA violation allegedly committed by the corporate defendant. To this contention, the plaintiff responds that it has sued both the corporation and George Torello individually, doing business as George Torello Engineers, P.C. A review of the summons, complaint and sheriff's return, however, makes it clear that only the corporation was sued and that Torello was never sued in his individual capacity. CT Page 14984
As to the first issue, it is not clear that the Supreme Court's holdings in Haynes and Beverly Hills, which dealt with doctors and lawyers, would necessarily apply to professional engineers. Because, however, the plaintiff has made it clear that it does not claim professional negligence by this defendant as the basis of its CUTPA count, it is not necessary to reach this interesting issue. Nevertheless, because it is undisputable that "George Torello d/b/a George Torello Engineers, P.C." is not a defendant in this case, the count as presently worded fails to state a cause of action for which relief may be granted, and the motion to strike the fourth count of the amended complaint is therefore granted.
Jonathan E. Silbert, Judge